**CASINO FOODS CORPORATION,**
Plaintiff-Appellant,

v.

**KRAFTCO CORPORATION et al.,**
Defendants-Appellees.

No. 75–1936.

United States Court of Appeals,
Ninth Circuit.

Nov. 15, 1976.

---

■■■■■■■■

Herbert Sachs, Bellmore, N.Y. (argued), David M. Printz, Las Vegas, Nev., for plaintiff-appellant.

Alan I. Greene, Chicago, Ill. (argued) and C. Lee Cook, Jr., of Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., James E. Ordowski, Melvin D. Close, Jr., of Jones, Jones, Close, Bilbray, Kaufman & Olson, Raggio, Walker, Wooster & Pilkington, Las Vegas, Nev., for defendants-appellees.

## ORDER ON PETITION FOR REHEARING

Before CHAMBERS and CHOY, Circuit Judges, and EAST,* District Judge.

We find appellant's argument against this court's affirmance of the district court's granting of summary judgment for Kraftco without merit. No genuine issue of material fact existed to support appellant's allegation of conspiracy, and summary judgment therefore was proper.

Similarly, appellant's contentions regarding certain subpoenas and subpoenas duces tecum served by it upon agents of the FBI are of no avail. It seems that appellant desired confirmation by the FBI that Newell Howlett, of Howlett Olson Egg Co., one of the appellees, had complained about appellant to the FBI, which then investigated appellant. Howlett refused to answer any questions about that complaint during the taking of his pre-trial deposition. Appellant failed to request the court to compel Howlett to answer under F.R.Civ.P. 37. Appellant also did not attempt to obtain the information by utilizing the regulatory procedures implementing the Freedom of Information Act. *See* 5 U.S.C. § 552; 28 C.F.R. §§ 16.1–.10 (1975). Finally, the district court found that "even if Howlett [had] filed a complaint with the FBI concerning Casino, there is no indication that Kraftco is somehow involved thereby in a conspiracy." Appellant therefore was not prejudiced by the quashing of the subpoenas.

Appellant initially maintained in its brief that the district court had failed to make a final disposition on the government's motion to quash the subpoenas (thus rendering the matter nonappealable), but now instead charges this court in its petition for rehearing with failure to consider the district court's *granting* of the government's motion to quash. Despite this inconsistency, the record indicates that the district court did in fact order the subpoenas quashed, and we find no abuse of discretion in that order. *See Baker v. F & F Investment,* 470 F.2d 778 (2d Cir. 1972), *cert. denied,* 411 U.S. 966; 93 S.Ct. 2147, 36 L.Ed.2d 686 (1973).

Appellant's petition for rehearing accordingly is denied.

CHAMBERS, Circuit Judge, recused himself from acting on the petition for rehearing.